IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD WILLIAM REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-12-414-JHP-KEW |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

### ORDER

On October 4, 2012, petitioner appearing *pro se*, filed a filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Thereafter, on November 1, 2012, petitioner filed a motion to amend (Dkt. # 8) which was granted by minute order on November 7, 2012 (Dkt. # 9). On December 10, 2012, petitioner filed his amended petition for writ of habeas corpus (Dkt. # 10). The State has filed a motion to dismiss for failure to exhaust state court remedies (Dkt. # 13).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A federal habeas petition may not be granted as to any claim unless the petitioner has exhausted available state court remedies regarding that claim; there is an absence of available State corrective process; or circumstances exist that render the state process ineffective to protect the rights of the applicant. *See*, 28 U.S.C. § 2254(b)(1). "[T]he federal claim must be fairly presented to the state courts so that the state courts have had the first opportunity to hear the claim sought to

be vindicated in the federal habeas proceeding." *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir.2007) (internal quotation marks omitted) (citation omitted). Where a claim has not been exhausted, federal courts do not have the authority to grant a writ of habeas corpus unless the State expressly waives exhaustion. 28 U.S.C. § 2254(b)(1) and (3).

In the instant case, it is clear from Petitioner's petition that he has not exhausted many of the claims raised in his amended petition. Specifically, the first claim raised by Petitioner is that he has been deprived due process because the state district court has not ruled on his post-conviction application in a timely manner. Additionally, petitioner indicates this was not raised on direct appeal and has not been raised in his state post-conviction proceedings. Claims two through eight of the amended petition appear to raise claims that were raised in petitioner's direct appeal. Thus, these claims have been exhausted. Further, according to the amended petition, claims nine through fourteen have also not been exhausted but are currently pending in the District Court of McCurtain County, State of Oklahoma. *See also*, Respondent's Reply to Petitioner's Response to Motion to Dismiss for Failure to Exhaust State Court Remedies, Dkt. # 19 (petitioner's unexhausted claims are currently pending before the state court on post-conviction review, and the state district court has been ordered to act on them by April 17, 2013 - Dkt. # 19-8). Since the Petitioner has not exhausted his claims and the State has not waived the exhaustion requirement, the Petitioner is not entitled to habeas relief. Accordingly, Respondent's motion to dismiss the petition for writ of habeas corpus for failure to exhaust (Dkt. # 13) should be **granted** and the petition should be dismissed without prejudice.

It is so ordered on this  12th  day of April, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma